UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WEST COAST 2014-7, LLC,

                      Plaintiff,                    **REPORT AND**
                                                             **RECOMMENDATION**
     -against-                                CV 17-3918 (ADS) (ARL)

DONA WILSON HAMILTON and THE BOARD
OF MANAGERS OF THE WINDBROOKE HOMES
CONDOMINIUM,

                      Defendants.
----------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       This matter has been referred to the undersigned by District Judge Spatt for the purpose of issuing a report and recommendation as to whether the proposed Judgment of Foreclosure and Sale should be entered. For the reasons set forth below, the undersigned respectfully recommends that the plaintiff be awarded a Judgment of Foreclosure and Sale against the defendant, Dona Wilson Hamilton ("Hamilton"), under the supervision of a referee to be selected by Judge Spatt, reflecting the following amounts to be awarded to the plaintiff: (a) principal in the amount of $188,336.84 and (b) interest at a rate of 7.4% through March 27, 2018, in the amount of $112,554.64.

## BACKGROUND

       The plaintiff, West Coast 2014-7, LLC ("West Coast"), commenced this action on June 30, 2017, against Hamilton and the Board of Managers of the Windbrooke Homes Condominium (the Condominium") pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1301 *et seq.,* seeking to foreclose on a mortgage encumbering the property

commonly known as 300 Feller Drive, Central Islip, New York 11722.[1]  According to the complaint, on April 7, 2005, Hamilton obtained a mortgage in the amount of $187,575 from nonparty Ameriquest Mortgage Company to purchase real property located in Central Islip, New York.  Compl. ¶ 8, 15; Weinreb Decl. Ex. A.  The mortgage was recorded in the Suffolk County Clerk's Office on May 3, 2005 in Liber 21039, Page 353.  Compl. ¶ 8.  Thereafter, Hamilton entered into a loan modification agreement, whereby she agreed to pay a new principle balance of $192,070.15.  *See* Ohno Aff. ¶ 6, n. 2.  The mortgage and its accompanying note were ultimately assigned to West Coast on May 12, 2016, and the assignment was recorded on September 30, 2016 in the Suffolk County Clerk's Office in Liber 22742, Page 692.  Compl. ¶ 10.

On April 1, 2010, Hamilton defaulted on her mortgage loan payments, and despite several notices of default, has failed to cure or make any payments since that date.  *Id.* ¶¶ 13-16.  At the time of the default, the index was .444% plus a margin of 5.57%, which equals 6.194%.  See Ohno Aff. ¶ 5, n. 1.  However, pursuant to paragraph 4(D) of the note, the minimum interest rate on the loan was 7.4%.  *Id.*  West Coast is now the owner of the note and mortgage, and thus, Hamilton is indebted to them for the unpaid principal amount due under the note and unpaid interest.  Compl. ¶ 17.  The defendant Condominium may be the holder of a lien encumbering the property that is subordinate to the plaintiff's interest.  *Id.* ¶¶ 4-5.

On August 19, 2017, Hamilton, who is a resident of the state of North Carolina, was personally served with a copy of the summons, complaint and certificate of merit by service on Michael VanKeuren at her residence, 16814 Macanthra Drive, Charlotte, N.C. 28213.  ECF No. 9.  The defendant Condominium was served on July 24, 2017.  ECF No. 8.  Despite being

---

[1] A Certificate of Merit was also filed on June 30, 2017.  ECF No. 3.  In addition, a Notice of Pendency was filed on July 12, 2017 in the Queens County Clerk's Office.  Weinreb Decl., Ex. A.

served, Hamilton and the Condominium have failed to answer or respond to the complaint. Accordingly, on September 12, 2017, West Coast submitted a request to the Clerk of the Court to have a notation of default entered against all the defendants and, on September 13, 2017, the Clerk of the Court did so. On April 3, 2018, the plaintiff moved for a default judgment. Shortly thereafter, the motion was referred to the undersigned.

## DISCUSSION

### I. Legal Standard Governing Default Judgments

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true"). However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v.*

*Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997).  The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

**II.     Liability**

      *A.     Claims Against Hamilton*

Usually, "[o]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *United States v. Leap*, CV 11–4822, 2014 WL 1377505, at *2 (E.D.N.Y. Feb. 18, 2014), *Report and Recommendation adopted by*, 2014 WL 1383139 (E.D.N.Y. Apr. 8, 2014).  Here, West Coast has presented the requisite documentation, including the Mortgage, the Note, and the Notices of Default, to establish a prima facie case.  Moreover, Hamilton has not made an affirmative showing to overcome the plaintiff's prima facie case.  Therefore, it is respectfully recommended that a default judgment should be entered against Hamilton.

      *B.     Claims Against the Condominium*

The complaint names the Condominium as a defendant because it is alleged to have an interest in the subject property.  Compl. ¶ 4.  RPAPL § 1311 provides that the necessary parties to a mortgage foreclosure action include: "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." N.Y. RPAPL § 1311(3). "This rule 'derives from the underlying objective of foreclosure actions -- to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'" *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting

*N.C. Venture I, L.P. v. Complete Analysis, Inc.*, 22 A.D.3d 540, 803 N.Y.S.2d 95, 98 (2d Dep't 2005)). Courts in this district have found that entry of default judgment "is appropriate where the complaint alleges 'nominal liability -- i.e., that any judgments the Defaulting [d]efendants may have against [the debtor], if liens on the mortgaged property, are subordinate to the [plaintiff's] lien.'" *Id.* (quoting *Christiana Bank & Trust Co. v. Dalton*, No. 06-CV-3206, 2009 WL 4016507, at *5 (E.D.N.Y. Nov.17, 2009)). Here, the complaint contains well-pleaded allegations of nominal liability on the part of the non-mortgagor defendant. Compl. ¶¶ 6-8. The undersigned, therefore, respectfully recommend that a default judgment be also entered against the Condominium.

**III.   Damages**

   *A.   Principal and Interest*

West Coast seeks $188,366.84 in principal owed on the note, as well as interest at rate of 7.4% through March 27, 2018, in the amount of $ 112,554.64. The plaintiff also seeks to recover $500 representing the future referees fee, as well as the expenses associated with the sale. *See* Proposed Order. In support of its claim for damages, West Bank submits the Declaration of Alan Weinreb, counsel for the plaintiff, as well as the Affidavit of Glenn Ohno, Vice-President of Operations and the Attorney-in-Fact for West Coast. *See* Weinreb Decl. Ex. C. Hamilton has not objected to the plaintiff's calculations despite being served with a copy of the motion papers. After reviewing the record, the Court finds that an evidentiary hearing is not necessary and respectfully recommends that judgment should be entered in West Coast's favor in the amount of $300,891.48.[2]

---

[2] The plaintiff has not provided sufficient support its request for the referee's fee or the ancillary cost associated with the sale, which are just touched upon in the proposed order.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiff shall serve a copy of this Report and Recommendation on the defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
         November 8, 2018                                       _____/s/_____
                                                                ARLENE R. LINDSAY
                                                                United States Magistrate Judge